## Syprian S. Smith *vs.* Joseph Smith.

The figures in the margin of a Bill of Exchange are merely an index for convenience of reference, and form no part of the bill, and an alteration in them, without the consent of the drawer, making them conform with the body of the instrument, does not vitiate the Bill.

Where the marginal figures differ from the body of a bill, evidence is not admissible to show that the bill was negotiated for the value expressed by the marginal figures, and not for the value expressed in the body of the bill.

Assumpsit on a Bill of Exchange. The Bill was drawn in the following form :

"*Providence, Feb.* 2, 1848.

$175 94.

Six months after date, pay to the order of myself three hundred seventy five $\frac{94}{100}$ dollars, value received, which place to my account.

To Messrs. Wyman, Appleton & Co.

(Signed) James C. Butterworth."

This bill was endorsed by the drawer, and accepted by Wyman, Appleton & Co., of which the defendant was a partner. When this bill was left at the bank for discount, the clerk observed the difference between the figures in the margin and the writing, and with the consent of the plaintiff drew the figure 3 over the 1 so as to make the figures conform with the writing, and to guard against mistakes in his entries upon the books of the Bank. When this bill was offered in evidence at the trial, the defendant objected to its admission, on the ground that it was avoided by the alteration.

Syprian S. Smith *vs.* Joseph Smith.

POTTER, in support of the objection, contended. This was a material alteration, and by all the authorities a material alteration vacates the instrument ; and there are later decisions to the effect that, whether the alterations be material or immaterial, the instrument is avoided ; and this upon grounds of public policy, to prevent any tampering with commercial paper. (Chitty on Cont. 784. Shep. Touch. 69. 11 Coke 27.) *Bowers vs. Jewell,* (2 New-Hampshire 543.) *Hills vs. Barnes,* (11 New-Hampshire 395.) *Malin vs. Malin,* (15 Johns. 293.)

CURREY, *contra.*

*Per Curiam.* We do not think the marginal notation constitutes any part of the Bill. It is simply a memorandum or abridgment of the contents of the bill for the convenience of reference. The contract is perfect without it. If this is so, any alteration in the figures cannot avoid the contract, because it is no alteration, either material or immaterial, in the contract.

The bill having been allowed to pass to the jury, the defendant offered testimony to show that the bill was drawn, negotiated and accepted, for only $175 94, but the Court held the evidence clearly inadmissible, and overruled it.